ROBERTSON, Justice:
Appellant, Will Jefferson, was charged by general affidavit in the Justice of the Peace Court of Walter J. Webb, Justice of the Peace, District 1, Winston County, Mississippi, with willfully and unlawfully having in his possession and concealed a 38-caliber Smith and Wesson revolver. He was found guilty and sentenced to pay a fine of $25.00.
Jefferson appealed to the circuit court of Winston County, and the cause was tried de novo. The jury found him guilty and the court sentenced him “to serve a term of sixty days in the County jail and to pay all costs of court and to pay a fine of $100.00 * * * ” He appeals from that judgment to this Court.
Deputy Sheriff Jack Cockrell of Winston County and State Highway Patrolman Paul Thompson stopped appellant on a gravel road in the north central part of Winston County. Thompson asked to see his driver’s license. He got out of his car and gave Thompson his driver’s license. *680 Thompson noticed a part of a sword sticking out from under the front seat. Thompson stated that it was in clear view and he did not have to search the car. The officers then thoroughly searched the car and Cockrell found a loaded Smith and Wesson revolver in the unlocked glove compartment.
Appellant testified that he was a longtime member of a Masonic Lodge, that the sword was a ceremonial one and had been used in a recent initiation and he had forgotten to take it out of his car.
Appellant explained why he had the pistol in this manner:
“Well, the reason I had the pistol with me, I was coming from up there and a bunch of people jumped out in the road and tried to hold me up, I was in my car by myself, and they run out there and I just kept driving and some of them jumped out there in front of the car and jumped back out of the way after they couldn’t get me to stop, and I kept coming.
“Q Did you talk to anybody about whether it was necessary to have a pistol for your own protection?
“A I talked to Mr. Fuller about it.”
Appellant further testified that he was 63 years old, had lived in Winston County for over 42 years, and that he was on his way that morning to Sturgis in Oktibbeha County.
Section 2081, Miss.Code of 1942 Annotated (Supp.1968) provides in part:
“Any person indicted or charged for a violation of section 2079 of this Code may show as a defense:
* * * * * *
(b) That he was traveling and was not a tramp, or was setting out on a journey and was not a tramp;
* * * * * *
“And the burden of proving either of said defenses shall be on the accused.” (Emphasis added).
Appellant’s uncontradicted testimony was that he was traveling to Sturgis, was a long-time citizen of Winston County, and had never before been arrested for reckless driving. No evidence of previous convictions of any kind was introduced. The uncontradicted evidence thus established that he was traveling on a gravel road through heavily wooded areas, and that he was not a tramp. Under the specific provisions of Section 2081 he was not guilty of carrying a concealed weapon and the judge should so have instructed the jury.
The judgment of the trial court is reversed and the appellant discharged.
Reversed and appellant discharged.
GILLESPIE, P. J., and JONES, PATTERSON and SMITH, JJ., concur.